IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

       Respondent,

V.                                   CRIMINAL NO. 3:00-00094-01
                                        (CIVIL ACTION NO. 3:04-1216)

CLARENCE WOOLFOLK,

       Movant.

## FINDINGS AND RECOMMENDATION

On February 26, 2001, following his plea of guilty to conspiracy and money laundering counts in a multi-count, multi-defendant indictment, Clarence Woolfolk was sentenced to concurrent terms of imprisonment of 170 months to be followed by three years of supervised release. He did not appeal his sentence. On May 11, 2004, in response to a Rule 35 motion to reduce sentence filed by the United States, Woolfolk's sentence was reduced to 110 months imprisonment. Thereafter, on November 19, 2004, he filed a motion under the provisions of 28 U.S.C. §2255, asking the Court to vacate the sentence. In his motion, Woolfolk asserts that "in light of recent Supreme Court precedent his sentencing enhancement cannot stand as it is in violation of Blakely... ."[1]

---

[1] Woolfolk's motion was filed prior to the Court's decision in United States v. Booker, 125 S.Ct. 738 (2005).

Inasmuch as "it plainly appears from the face of the motion ... and the prior proceedings in the case that the movant is not entitled to relief,"[2] dismissal without requiring a response from the United States is appropriate.

In United States v. Booker, supra, decided on January 12, 2005, the Supreme Court concluded that the sentencing guidelines, as applied, were violative of the Sixth Amendment to the extent that enhancements to a defendant's sentence, beyond the fact of a prior conviction, were based on findings of fact made by a judge utilizing a preponderance of the evidence standard rather than by a jury based upon the reasonable doubt standard and that, as a consequence, the guidelines were to be treated as advisory rather than as mandatory.[3] The question presented in this case,[4] i.e., whether Booker's holding is to be applied retroactively to cases on collateral review, has now been resolved for courts in this circuit by the Court of Appeals for the Fourth Circuit in United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005), a decision in which the Court, joining all other circuit courts of appeals which have considered the issue, held that "Booker does not apply retroactively to cases on collateral review."

It being apparent that the Court's decision in Booker is not retroactively applicable to movant's conviction and sentence, his motion, as a consequence, does not present any viable claims based on that decision or its predecessors.

---

[2] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

[3] See, United States v. Booker, supra at 755-67.

[4] It is noted that Woolfolks motion is untimely inasmuch as it was filed long after his conviction became final, a finality not affected by the more recent amendment of judgment effected by the Rule 35 motion. See, United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

## RECOMMENDATION

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: January 3, 2006

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE